May Term, 1846.

ROBBINS
v.
ROBBINS.

---

## ROBBINS *v.* ROBBINS and Others.

The widow of a man against whom judgments existed at the time of the marriage, is entitled to dower (in the land of which he was seised during coverture) subject to the judgments.

Monday,
July 20.

ERROR to the *Parke* Probate Court.

DEWEY, J.—This was a petition by *Mary E. Robbins* to the Probate Court of *Parke* county for the assignment of dower. The petition sets out the marriage of the petitioner with *Moses Robbins*, his decease, and his seisin and possession during coverture, and at the time of his death, of several tracts of land, describing them, which he held in fee-simple. The petition makes the necessary averments as to demanding assignment of dower, &c.; and makes the heirs of *Moses Robbins* defendants. They appeared by guardian *ad litem*, and put in a general answer requiring proof of the matters contained in the petition. The administrator of *Moses Robbins* was also, at his own instance, made a party to the cause. He filed a plea to the petition setting forth that, at the time of the marriage of the petitioner with *Moses Robbins*, and before, there were several judgments against him amounting to more than all the land whereof he died seised and possessed was worth, and that he had no other property except land; and that the judgments remained wholly unsatisfied. There was a demurrer to this plea, which was overruled; and final judgment was rendered against the petitioner.

This judgment is erroneous. The plea was no bar to the petition. The widow is entitled to dower in the land whereof her husband was seised during coverture. R. S. 1843, p. 428. The judgment-liens, as they did not affect the seisin of the husband, did not destroy the right of the widow to dower. It is true that, as the liens existed at the time of the marriage, the widow must take her dower subject to them.

The judgment-creditors by enforcing their liens may dispossess her; but her right is good against every other person. *Sanford* v. *M'Lean*, 3 Paige, 117. The administrator of the husband has nothing to do with the matter. Should he procure an order of sale, he could only sell the land subject both to the judgment-liens and the right of dower. R. S. 1843, p. 429. The application of the widow for the assignment of dower does not at all interfere with the legal discharge of the duties of the administrator. His course should be the same as if no application had been made.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. A. Wright* and *S. F. Maxwell*, for the plaintiff.
*W. P. Bryant* and *A. L. Roache*, for the defendants.