## ARMSTRONG *v.* MCLAUGHLIN.

WIDOW.—*Real Estate of Deceased Husband.—Judgment Lien Attached Before Marriage.*—The widow of a judgment defendant, who married him after the lien of the judgment attached, has no claim by virtue of her marriage to real estate sold to satisfy the judgment, and this will be the case, though the original judgment was revived by the administrator of the deceased

judgment creditor after the marriage, and the real estate sold after such judgment was revived, ten years not having elapsed after the original judgment was obtained, and before it was revived.

ADMINISTRATOR.—*Deceased Judgment Creditor.—Execution.—Revival of Judgment.*—The administrator of a deceased judgment creditor may have execution upon the original judgment without a revivor; but he may have it revived.

PRACTICE.—*Pleading.— Written Instrument.*—Where copies of records or written instruments which are not the foundation of a suit or defence, but which may be evidence on the trial, are set out and filed with the pleadings, such copies or the originals cannot be examined for the purpose of aiding or invalidating the pleading.

From the Warrick Circuit Court.

*C. Denby, D. B. Kumler, J. Dailey,* and —————— *Armstrong,* for appellant.

*J. S. Moore* and *L. Wood,* for appellee.

WORDEN, J.:—Complaint by the appellant against the appellee, for the partition of certain real estate situate in Warrick county, the appellant claiming one-third thereof as the widow of Russell Armstrong, deceased.

The defendant answered that, in October, 1857, one Jonathan Floyd obtained a judgment against said Russell B. Armstrong, in the court of common pleas of that county, for the sum of two hundred and forty-two dollars and costs; that the said Russell B. was at that time unmarried, and that he did not marry the appellant until two months and a half thereafter; that afterward, in October, 1859, Floyd departed this life, and thereupon Simon P. Lowe was duly appointed and qualified as his administrator, and that on March 28th, 1860, Lowe, as such administrator, obtained in said court of common pleas a judgment against said Russell B. Armstrong, reviving the original judgment; that afterward an execution was issued upon the last named judgment, and the real estate described in the complaint was duly and legally levied upon and sold, under and by virtue of said judgment and execution, and William F. Parrett, under whom the defendant claims, purchased the same; wherefore, etc.

A demurrer for want of sufficient facts was filed to this par-

agraph of answer, but it was overruled, and an exception was-taken.

Final judgment for defendant. Error is assigned upon the ruling on the demurrer.

The original judgment was a lien upon all the' real estate of the defendant therein situate, in the county where it was rendered, and the lien continued for the space of ten years from the rendition thereof. 2 G. & H. 264, sec. 527 ; 2 G. & H. 25, sec. 24.

If the land is to be regarded as having been sold by virtue of the original judgment revived, the purchaser took it free from any claim of the plaintiff as the widow of the judgment defendant, because he took it by virtue of a lien that attached before her marriage with the judgment defendant. Her marriage with the judgment defendant after the lien of the judgment had attached could not destroy or in any way impair the legal effect of the lien. *Robbins* v. *Robbins,* 8 Blackf. 174.

The administrator of Floyd might have had execution upon the original judgment without a revivor. 2 G. & H. 528, sec. 155. But notwithstanding this, he was entitled to have it revived. *Wyant* v. *Wyant,* 38 Ind. 48. Upon these points,. the counsel for the parties respectively do not seem to disagree. But it is insisted by counsel for the appellant, as we understand their brief, that the second judgment mentioned in the complaint was not a judgment of revivor of the former one, but a new judgment rendered upon the former one, the original judgment being the foundation of the action in which the new one was rendered. And it is insisted that the land was sold by virtue of the new judgment, rendered since the plaintiff's marriage with the judgment defendant, and, therefore, that her right to the land was not extinguished by the sale on execution. Copies of the original judgment and that which is alleged to have been a judgment of revivor are set out as a part of the answer. The copy of the judgment alleged to have been a judgment of revivor is not such in. form, but a judgment " that the plaintiff recover of and from the defend-

ant the sum of two hundred and forty-two dollars, together with the sum of four dollars and fifty cents costs accrued in a former suit, and the costs of this suit," etc.

Whether or not this should be regarded as substantially a judgment of revivor, though not such in form, we need not determine; nor indeed can we consistently with previous rulings of this court. It is averred in the answer that the judgment obtained by the administrator was a judgment reviving the original judgment. This averment must be taken to be true, and as the judgments pleaded are not the foundation of the defence within the meaning of the statute on the subject of setting out copies of written instruments, we cannot look to the judgments set out, or either of them, for the purpose of aiding or invalidating the pleading. *Keller* v. *Williams, post,* p. 504. We must take the answer as it stands, without reference to the copy of the judgments set out.

We are of opinion, that the matters alleged in the answer are a bar to the plaintiff's action, and, therefore, that no error was committed in overruling the demurrer thereto.

The judgment below is affirmed, with costs.