· **In re B.L. SAXON, Debtor.**

**B.L. SAXON, Plaintiff,**

**v.**

**MERCHANTS NATIONAL BANK & TRUST COMPANY OF INDIANAPOLIS, Harry Forse d/b/a Photo-Scan Security Systems, Paul C. Mitchell, Zua Mitchell, Patricia J. Saxon and United States of America (Internal Revenue Service), Defendants.**

**Bankruptcy No. IP82–209.**
**Adv. No. 82–129.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

March 17, 1983.

Edward B. Hopper, II, for debtor. Hopper & Opperman, Indianapolis, Ind.

W. Tobin McClamroch, Wooden, McLaughlin & Sterner, Indianapolis, Ind., for Merchants National Bank.

Michael D. Austin, for defendant, Patricia J. Saxon. Busby, Austin, Cooper & Farr, Anderson, Ind.

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court upon a Motion for Summary Judgment filed by defendant Patricia J. Saxon. A Memorandum in Support of Plaintiff's Position vs. Defendants Merchants National Bank of Indianapolis [1] and Patricia J. Saxon and Memorandum of the Defendant, Patricia J. Saxon, in Support of Summary Judgment have been filed. The parties have stipulated to the following facts which this Court adopts as those controlling this controversy:

1. B.L. Saxon ("Saxon") filed a petition under Chapter 7, Title 11 of the United States Code on January 20, 1982. This adversary proceeding was filed pursuant to 11 U.S.C. § 522(f) to avoid a judgment lien held by defendants herein.

2. A dissolution action between Saxon and Patricia J. Saxon was commenced on August 29, 1977, in the Madison County Superior Court, Division 3. The dissolution action was venued to Grant County Superior Court.

3. On March 23, 1978, the Grant County Superior Court entered a dissolution decree in which the Court granted a cash award property settlement in the amount of $256,000.00 to be paid by Saxon to Patricia J. Saxon at the rate of $2,100.00 per month for 122 months. The decree awarded certain real estate commonly referred to as 1 Saxon Plaza, Anderson, Indiana ("Madison County Property"), to Saxon. The decree further stated: "The court further finds that such cash award to Respondent shall constitute a lien upon the real estate commonly referred to as 1 Saxon Plaza, Anderson, Indiana, until paid in full."

4. On September 15, 1981, the subject property was titled to Saxon and his spouse and is now held as tenants by the entirety. Such instrument was recorded on September 23, 1981.

5. The Grant County Superior Court judgment was recorded in the Madison County Circuit Court Judgment Docket Book No. 82, Page 33, on August 18, 1978.

6. A complete copy of the Grant County Superior Court decree, together with a legal description of the Madison County Property which is subject to Patricia J. Saxon's lien, was recorded in the Madison County Transcript to Bind and Sell Real Estate Book No. 13, Pages 491–494, on August 22, 1978.

7. The Madison County Property which was subjected to a lien by the dissolution decree is commercial property which has an automobile dealership situated thereon.

The issue before the Court is whether the debtor may utilize Section 522(f) of the Bankruptcy Reform Act of 1978 ("Code") to avoid a lien awarded in a dissolution decree which attached prior to the transfer of individually owned property to property owned as tenants by the entireties.

Section 522(f) of the Code provides in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien. . . .

---

1. A Complaint against Merchants National Bank & Trust Company of Indianapolis has since been dismissed with prejudice.

Section 522(f), therefore, has three conditions which must be met: First, the lien to be avoided must have fixed "on an interest of the debtor in property"; second, the lien must impair "an exemption to which the debtor would have been entitled"; and third, the lien must be a "judicial lien."

■ The purpose behind the enactment of Section 522(f) was to give

the debtor certain rights not available under ... [the old Act] with respect to exempt property. The debtor may void any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions.

H.R. 95–595, 95th Cong., 1st Sess. 126 (1977), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 6087. The above legislative history taken with the language of Section 522(f) of the Code indicates that "Congress intended the avoidance of liens that became fixed *after* the debtor acquired the interest upon which they became fixed." *Cowan v. Cowan (In re Scott)*, 12 B.R. 613 (Bankr.W.D.Ok.1981).

That is not the case here. The lien which Saxon seeks to avoid arose prior to the time Saxon acquired his interest as a tenant by the entireties. The first condition for the application of Section 522(f) has therefore not been met.

■ The second condition relates to the impairment of an exemption to which the debtor would have been entitled. The exemptions to which Saxon would be entitled are governed by Indiana law. *See* 11 U.S.C. § 522(b)(1) and Ind.Code Ann. § 34–2–28–0.5 (Burns Supp.1982). Ind.Code Ann. § 34–2–28–1 (Burns Supp.1982) provides in pertinent part:

The following property of a debtor domiciled in the state of Indiana shall not be liable for levy or sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract express or implied:

\* \* \* \* \* \*

(e) Any interest the debtor has in real estate held as a tenant by the entireties on the date of the filing of the petition for relief under the bankruptcy code, unless a joint petition for relief is filed by the debtor and spouse, or individual petitions of the debtor and spouse are subsequently consolidated.

If applicable, the above exemption would allow Saxon to completely exempt all property held by him and his wife as tenants by the entireties since only he filed a bankruptcy petition.

It is Saxon's position that the transfer of the encumbered property was "exemption planning" which is allowed under the Bankruptcy Code. While this Court agrees that exemption planning is allowed under the Code, it is of the view that there is a limit to the actions a debtor can take under the aegis of "exemption planning." Said limit must be set by Indiana law.

Saxon also maintains that the clear language of the Indiana statute indicates that Saxon is entitled to the exemptions he claims. This Court does not believe that the exemption statute can or should be applied in a vacuum. Resort must be made to other applicable law in order to determine the availability of an exemption.

According to Indiana law, a lien existing prior to the creation of a tenancy by the entireties is still enforceable thereafter. *See Robbins v. Robbins*, 8 Blackf. 174 (1846); *Armstrong v. McLaughlin*, 49 Ind. 370 (1875); *Eiceman v. Finch*, 79 Ind. 511 (1881). It follows, therefore, that Saxon is not entitled to the exemption allowed in Ind. Code Ann. § 34–2–28–1(e) (Burns Supp.1982). The second condition for the application of Section 522(f) of the Code has therefore not been met.

The third condition relates to the type of lien which may be avoided. Section 522(f) allows the avoidance of judicial liens. It is

Patricia J. Saxon's position that Section 522(f) is not applicable to the lien held by her since it is not a judicial lien. Since the Court has determined that Saxon has not met the first and second conditions contained in Section 522(f), it is unnecessary for the Court to address the third condition.

In light of the foregoing this Court concludes that B.L. Saxon may not avoid the lien held by Patricia J. Saxon.

The foregoing represents findings of fact and conclusions of law as required by Bankruptcy Rule 752.