**In the Matter of James Stephen LENCZOWSKI and Nancy Jean Lenczowski, Debtors.**

**Bankruptcy No. 81–31419.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

Aug. 1, 1983.

Gaylen W. Allsop, South Bend, Ind., for debtors.

Richard Nussbaum, South Bend, Ind., for creditor Michigan Nat. Bank.

Lynn Miller, Elkhart, Ind., Trustee.

### ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

On January 29, 1982, debtors herein filed an application to avoid liens under 11 U.S.C.A. § 522(f). Creditors Michigan National Bank and Security Pacific Finance Corporation, holding liens on a motorboat, its motor and trailer, objected. At a pretrial conference on March 9, 1982, with the Security Pacific Finance Corp., and on March 10, 1982, with the Michigan National Bank, it was agreed that the parties would file a stipulation of all the facts. On April 21, 1982, a stipulation was filed. The parties were then given time to file briefs, and the lien avoidance question was taken under advisement on September 17, 1982.

The liens of these two creditors were on the same items of personal property belonging to debtors: a 1976 Rankerbilt Speedboat, its Evinrude motor, and its Shoreliner Boat Trailer. Debtors had signed promissory notes and security agreements on those items in return for nonpurchase money loans from those two creditors. The stipulation of facts filed April 21, 1982, notes that the Michigan National Bank has properly perfected its security interest in those items of collateral. Debtor's brief, filed in duplicate for each creditor (both Michigan National Bank and Security Pacific) mentions both creditors. It is not clear whether the lien of Security Pacific is perfected. Security Pacific did not file a brief. The sole issue to be decided by the court, and which debtors and Michigan National Bank have addressed in their briefs, is whether a speedboat, its motor and trailer, held primarily for the personal, family, or household use of debtors are "household goods" within the meaning of § 522(f), the statute permitting avoidance of liens.

Section 522(b) of the Code allows debtors to exempt "any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable." 11 U.S.C.A. § 522(b)(2)(A) (West 1979). Indiana has provided that the federal exemptions will not apply here. The Indiana exemptions allow debtors to exempt, among other things, "tangible personal property of the value of $4,000." I.C. § 34-2-28-1(b) (Burns Supp.1982). The value of the collateral in question here, the boat, motor and trailer, is listed on debtors' Schedule B-4 as $1,200; as this figure is not disputed, we can accept it as fair market value. Thus it appears this property could fit the Indiana exemption statute. The difficulty here is whether the collateral fits the avoidance of lien section of the Code, § 522(f). That section provides, in pertinent part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is—

. . . . .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

11 U.S.C.A. § 522(f). The speedboat, motor and trailer would have to qualify as "household goods" under that section. However, motor vehicles have been generally found to be excluded from the section. See *In re Abt*, 2 B.R. 323 (Bkrtcy.E.D.Pa. 1980) and the cases citing it. We find that a motor boat is closer to the category "motor vehicle" than it is to "household goods." A California court found that an exemption could, under California law, be applied to a boat if it is one "in which the debtor or his family actually resides." *In re Andreotti*, 16 B.R. 28, 31 (Bkrtcy.E.D. Cal.1981). The boat here is not a residence.

Accordingly, we find that the lien avoidance provisions of 11 U.S.C.A. § 522(f) cannot apply to the speedboat, its motor and trailer in this case. Debtors' application to avoid the liens of Michigan National Bank and the Security Pacific Finance Corporation is hereby denied.

SO ORDERED.