**In re Terry J. WILSON and Virginia L. Wilson, Debtors.**

**Bankruptcy No. IP82–5065WP.**

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

Nov. 26, 1984.

Richard A. Gole, Gole & Associates, Indianapolis, Ind., for debtor.

Frederick F. Frosch, Frosch & Frosch, Indianapolis, Ind., for Associates Financial Services Co.

### ENTRY ON MOTION FOR AVOIDANCE OF LIEN

ROBERT L. BAYT, Bankruptcy Judge.

Come now the debtors, by counsel, and file their Motion for Avoidance of Lien of Associates Financial Services Company of Indiana, Inc. ("Associates"). Associates re-

---

sponded by filing an objection to the motion.

The parties have stipulated to the facts of this case and the Court accepts those facts. In effect, Associates argues that the case of *In re Pine; Giles,* 717 F.2d 281 (6th Cir. 1983) (Memorandum Decision, for publication, filed September 7, 1983), limits the right of the debtors to file a motion to avoid the lien of Associates pursuant to 11 U.S.C. 522(f) which reads as follows:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

In *Pine,* the court examined the "opt-out" exemption statutes of Tennessee and Georgia and determined that a debtor could not exempt property encumbered by a contractual security interest *in toto* but only his equity therein.

The Georgia statute in limiting the amount of the debtor's exemption reads as follows:

[A]ny debtor ... may exempt ... for the purposes of bankruptcy...

(4) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances ...

that are held for the personal, family or household use of the debtor or a dependent of the debtor. The exemption of the *debtor's interest* in the items contained in this subsection shall not exceed $3500 in total value.... (Emphasis supplied.)

The Tennessee statute in limiting the amount of the debtor's exemption reads as follows:

Personal property to the aggregate value of four thousand dollars (4000.00) debtor's equity interest shall be exempt from execution, seizure or attachment ... [The debtor] may select for exemption the items of the owned and possessed personal property ... up to the aggregate value of four thousand dollars (4000.00) debtor's *equity interest.* (Emphasis supplied.)

The Indiana "opt-out" statute reads as follows:

*Amount of exemption.*—The following property of a debtor domiciled in the state of Indiana shall not be liable for levy or sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract express or implied:

.    .    .    .    .

(b) Other real estate or tangible personal property of the value of four thousand dollars [$4,000].

Based on the pleadings and the stipulation of the parties, the Court concludes that Indiana's "opt-out" exemption statute does not contain any words of limitation concerning what property the debtor may exempt. I.C. 34-2-28-1(b) states that the debtor may exempt "(o)ther real estate or tangible personal property of the value of four thousand dollars [$4,000]." Indiana's "opt-out" statute is, therefore, different than Tennessee's and Georgia's and the *Pine* case is not applicable here. Therefore, the debtors may use 11 U.S.C. 522(f) to avoid the lien of Associates as it impairs the exemption that the debtors are entitled to under I.C. 34-2-28-1(b).