**ASSOCIATES FINANCIAL SERVICES COMPANY OF INDIANA, INC.,**
Appellant (Plaintiff Below),

v.

**Jack C. BOLDMAN, Appellee**
**(Defendant Below).**

No. 4–585A145.

Court of Appeals of Indiana,
Fourth District.

July 14, 1986.
Rehearing Denied Aug. 22, 1986.

Frederick F. Frosch, Frosch & Frosch, Indianapolis, for appellant.

Ronald L. McNabney, Anderson, for appellee.

YOUNG, Presiding Judge.

Associates Financial Services Company of Indiana, Inc., sought to foreclose its security agreement and recover collateral pledged by Jack C. Boldman to secure a consumer loan. The trial court awarded judgment in favor of Boldman. Associates appeals raising these issues:

    1) whether a non-possessory, non-purchase money security interest in household goods is extinguished when a debtor claims such property exempt and receives a discharge in bankruptcy; and

    2) whether a debtor may interpose the Indiana general exemption statute to prevent the foreclosure of a security interest in household goods.

We affirm.

The record reveals that on October 23, 1979, Boldman entered into a security agreement with Associates to secure a loan of $2,135.02. Under the terms of the agreement, Associates obtained a non-possessory, non-purchase money security interest in Boldman's 1970 Pontiac automobile, a Brunswick pool table, two new bed frames, two new box springs and mattresses, one stove, one couch and loveseat, and a stereo system. On July 11, 1980, Boldman filed a voluntary petition for bankruptcy. In his petition he listed Associates as a secured creditor; he also listed the items in which Associates had a security interest as exempt property as allowed by IND.CODE 34-2-28-0.5. Associates did not file a claim in the bankruptcy proceeding. Boldman did not seek to avoid the security interest during the pendency of his bankruptcy petition. Boldman received his no-

tice of discharge in the bankruptcy proceeding on November 25, 1980.

On May 31, 1983, Associates brought this action to foreclose its security interest in Boldman's possessions. Boldman raised the affirmative defense of his discharge in bankruptcy. He further alleged in his answer that the subjects of the security interests, a car and household possessions, were not subject to Associates' lien as these items were exempt under IND. CODE 34-2-28-1. The trial court found in favor of Boldman holding that 11 U.S.C. § 522(f) protects a debtor from any attempt to enforce a lien against exempt personal property. The court further held that Boldman's possessions were not subject to seizure due to the statutory exemptions of IND. CODE 34-2-28-1.

Associates first alleges a non-possessory, non-purchase money security interest is not extinguished by a discharge in bankruptcy merely because it was listed as exempt property on the petition in bankruptcy.

■ It is a well-established rule that a discharge in bankruptcy does not prevent a creditor from collecting under a valid lien[1] on property exempt from the bankruptcy estate. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935); *Blake v. First Crown Financial Corp.* (1983), Ind.App., 443 N.E.2d 871. Liens not avoided according to the provisions of the bankruptcy code may be enforced. 3 *Collier on Bankruptcy* p. 524.01 (15th ed. 1979).

■ Nevertheless, the bankruptcy code contains a provision which allows a debtor to avoid a "non-possessory, non-purchase money security interest" in certain house-hold and personal property exempted from the bankruptcy estate. 11 U.S.C. § 522(f). Essentially, section 522(f) ensures the debtor's exemptions, his discharge and thus his fresh start after bankruptcy by allowing him to retain, unencumbered, the basic necessities of his household. As the House Report discussing the provision explains:

> Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor's belongings, and obtain a waiver by the debtor of his exemptions....
>
> If the debtor encounters financial difficulty, creditors often use threats of repossession of all of the debtor's household goods as a means of obtaining payment.
>
> In fact, were the creditor to carry through on his threat and foreclose on the property, he would receive little, for household goods have little resale value. They are far more valuable to the creditor in the debtor's hands, for they provide a credible basis for the threat, because the replacement costs of the goods are generally high. Thus, creditors rarely repossess, and debtors, ignorant of the creditors' true intentions, are coerced into payments they simply cannot afford to make.

H.R.Rep. No. 595 at 127 (footnote omitted), reprinted in 1978 U.S.Code Cong. & Ad. News, 6088.

■ The lien avoidance provisions of § 522(f) are not automatic.[2] The debtor must take affirmative action to remove the encumbrance, by filing a motion with the bankruptcy court.[3] If the debtor fails to act until after discharge, he may move the bankruptcy court to avoid the lien[4] within

---

1. Under the bankruptcy act, a lien is a "charge against or interest in property to secure payment of a debt or performance of an obligation;" 11 U.S.C. § 101(28). That definition includes security interests which are "lien[s] created by agreement." § 101(37).

2. In Chapter 7 cases commenced after October 7, 1984, a debtor is required to file a statement of intention concerning collateral securing a consumer debt and must perform in accordance with such statement within 45 days after it is filed. Weintraub & Resnick, Bankruptcy Law Manual (Cum.Supp.1984) pp. 4-31.

3. B.R. 4003 now provides that a proceeding by a debtor to avoid a lien that is exempt under § 522(f) "shall be by motion in accordance with Rule 9014." B.R. 9014 governs contested matters in bankruptcy.

4. Several courts have suggested it is not necessary to reopen the bankruptcy case to avoid a lien under § 522(f) since: 1) the avoidance pow-

a reasonable time thereafter absent equitable considerations to the contrary. *See Keller v. Time Credit Corp.,* 24 B.R. 720 (Bkrtcy.N.D.Ohio 1982). As one court has stated:

> It is not proper for a debtor to sit back and do nothing in protecting his rights, wait for the creditor to take some action and then decide what he wants to do. If the debtor has not made a timely claim of exemption or timely filed a complaint to avoid a lien, then he should be barred from doing so. If a creditor must timely act to protect his rights, there is no reason not to demand the same of a debtor, particularly when the rights asserted are for the debtor's benefit.

*In re Porter,* 11 B.R. 578, 580 (Bkrtcy.W.D. Okl.1981), citing *In re Adkins,* 7 B.R. 325 (Bkrtcy.S.D.Calif.1980).

■ Here, Boldman made no attempt to avoid the lien. Now, two and one-half years after Boldman's discharge in bankruptcy, Associates seeks to foreclose its security interest in Boldman's 1970 automobile and his bedding, pool table, stereo, stove, sofa and loveseat, all of which are at least five years old and have little resale value.[5] Thus, we are faced with the very situation § 522(f) was designed to avoid: Boldman's fresh start after bankruptcy will be frustrated since he will be left without a bed in which to sleep or a stove on which to cook.

Despite the inequity of this situation, we cannot ignore the fact that Boldman failed to exercise his right to avoid Associates' lien at any time prior to this action. In view of the well-established rule that liens on exempt property survive the debtor's discharge in bankruptcy, we must hold that a debtor may not use § 522(f) as an affirmative defense to defeat a security interest

in his personal property if he has not taken timely steps to avoid the lien.

■ We may, however, uphold the trial court's judgment on the alternative basis that the seizure of Boldman's property is prohibited by statute. The Indiana general exemption statute provides:

> Amount of exemption. The following property of a debtor domiciled in the state of Indiana shall not be liable for levy or sale on execution *or any other final process* from a court, for any debt growing out of or founded upon a contract express or implied:
>
> (a) Real estate or personal property constituting the personal or family residence of the debtor or a dependent of the debtor, or estates or rights therein or thereto of the value of not more than seven thousand five hundred dollars [$7,500]. The exemption under this subsection shall be individually available to joint debtors concerning property held by them as tenants by the entireties.
>
> (b) Other real estate or tangible personal property of the value of four thousand dollars [$4,000].
>
> (c) Intangible personal property, including choses in action (but excluding debts owing and income owing), of the value of one hundred dollars [$100].

IND.CODE 34–2–28–1 (emphasis added). In order to claim his exemption under IC 34–2–28–1 a debtor must first submit an inventory of exempt property to the court. *Blake v. First Crown Financial Corp.* (1983), Ind.App., 443 N.E.2d 871. When Boldman answered Associates' complaint on June 27, 1983, he asserted the affirmative defense that his property was exempt under IC 34–2–28–1(b). He filed his affidavit listing his specified, tangible, personal property with its corresponding fair market value on October 12, 1983. As a result, he

er is a personal right of the debtor; 2) the avoidance action does not affect the administration of a bankruptcy case; and 3) the bankruptcy court has jurisdiction of all civil proceedings arising under or related to a case under Title 11. *Keller v. Time Credit Corp.,* 24 B.R. 720 (Bkrtcy. N.D.Ohio 1982); *Schneider v. Beneficial Finance Co.,* 18 B.R. 274 (Bkrtcy.D.N.D.1982); *Associates*

*Financial Services v. Swanson,* 13 B.R. 851 (Bkrtcy.D.Idaho 1981).

5. Although Associates does not argue the point, we do not believe the car may be classified as a household good subject to lien avoidance according to § 522(f).

is entitled to claim the property subject to Associates' security interest as exempt.

Accordingly, the trial court's judgment is affirmed.

MILLER and CONOVER, JJ., concur.