**In re Desmond JACKSON, Debtor.**

**Desmond JACKSON, Plaintiff,**

v.

**FARMERS STATE BANK and Rockhill, Pinnick, Pequinot, Helm & Landis, Defendants.**

**Bankruptcy No. 84–30793.**

**Adv. No. 86–3042.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

May 26, 1987.

Charles A. Davis, Jr., Nappanee, Ind., for debtor/plaintiff.

Richard K. Helm, Jay A. Rigdon, Rockhill, Pinnick, Pequinot, Helm & Landis, Warsaw, Ind., for defendants.

## ORDER

ROBERT K. RODIBAUGH, Senior Bankruptcy Judge.

This matter comes before the court on the plaintiff's Complaint to Enforce Provisions of 11 U.S.C. § 525.[1] The matter has been submitted to the court on stipulated facts and the parties' briefs.

The salient facts are as follows. On August 26, 1981, December 7, 1982 and again on September 6, 1983, the defendant, Farmers State Bank (Bank) obtained judgments against the plaintiff and his wife, which were duly recorded pursuant to I.C.

---

1. Upon examination of the allegations contained in the Complaint, the court treats the Complaint as one to enforce the provisions of § 524 concerning the effect of discharge.

§ 34–1–45–2. On August 15, 1984, the plaintiff filed for relief under chapter 11 of the Bankruptcy Code. On May 3, 1985, the case was converted to one under chapter 7. In denying the bank's motion to lift stay, the court, on August 26, 1985, held that the real estate upon which the bank's liens were recorded was not property of the bankruptcy estate under § 541. Shortly thereafter the plaintiff was granted a discharge under § 727.

On December 23, 1985, a Writ of Execution was issued against the plaintiff and his wife. On February 25, 1986, the real estate was sold at a sheriff's sale and the bank, being the highest bidder, received Sheriff's Deeds as partial satisfaction for the judgments.

Now the plaintiff seeks to have the court enter an injunction against the bank prohibiting the bank from engaging in further attempts to collect the remaining balance of the judgments, including additional sheriff's sales of other property. The plaintiff also seeks the return of title to the property sold. Finally, the plaintiff requests sanctions against the bank and the defendant Rockhill, Pinnick, Pequinot, Helm & Landis, the law firm which represented the bank in these matters.

The thrust of the plaintiff's argument is that because the real estate was held by him and his wife as tenants in the entirety, the property was exempt. The court accepts the fact that the property was indeed exempt, *Matter of Agnew (Lee Supply Corp. v. Agnew)* 818 F.2d 1284, 1287–88 (7th Cir.1987), and therefore not property of the estate under § 541, H.R.Rep. No. 595, 95th Cong., 1st Sess. 360–1 (1977), but it rejects the plaintiff's further argument that this exemption, without more, extinguishes the liens and therefore precludes the bank from proceeding post-discharge against the property.

11 U.S.C. § 522(f) provides in part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [I.C.

§§ 34–2–28–0.5, 34–2–28–1], if such lien is—

(1) a judicial lien;

\*     \*     \*     \*     \*     \*

11 U.S.C. § 522(f) (1986).

Here, state law has completely exempted the real estate in question because only the plaintiff was a debtor. I.C. § 34–2–28–1(e). However, exempt property is not protected from the enforcement of valid liens. *Matter of Cassi*, 24 B.R. 619, 624 (Bankr.N.D. Ind.1982); *see also Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886) (same holding under prior law); 3 *Collier on Bankruptcy* ¶ 522.27 at 522–65 (15th Ed.). Instead, the lien survives the discharge as an *in rem* liability. *Matter of Cassi*, at 624.

The only relief available for a debtor who seeks to retain property free of any lien is to avail himself of the opportunity to avoid the lien under § 522(f) to the extent that the lien impairs his exemption. This the debtor could not do inasmuch as a judicial lien against tenancy by the entirety property may not be avoided when only one spouse has filed for relief. *In re Marino*, 27 B.R. 282 (N.D.Ind.1983). Accordingly, the court must find that the lien remained enforceable despite the discharge. The only effect of the discharge then was to limit the bank's recourse to the property itself. Section 524 extinguishes the debt and therefore the personal liability of the debtor, but does not affect the lien on the property. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess., 365–66 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6321.

With regard to the plaintiff's request for sanctions, the court summarily declines to award sanctions on the sole ground that the defendants' actions in proceeding against the property were within the letter of the Bankruptcy Code. With regard to the defendants' request for sanctions against the plaintiff, the court again declines to award sanctions. The plaintiff's position was not so untenable as to amount to frivolous or otherwise facially unsupportable litigation. Indeed, the argument,

while unpersuasive, was creative and supportable as to a few points.

WHEREFORE, the plaintiff's Complaint to Enforce the Provisions of § 524 is DENIED to the extent that it seeks to prohibit Farmers State Bank from enforcing its valid liens against the real property of the plaintiff and his wife. Pursuant to § 524, the bank is prohibited from collecting on the underlying debt from the plaintiff and his wife personally. The counter-requests for sanctions are DENIED.

SO ORDERED.