### In re Joe Wesley GREER and Judy Darelynn Greer, Debtor.

### Bankruptcy No. IP89–6464 V.

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

March 13, 1990.

William L. Price, Indianapolis, Ind., for debtors.

William J. Tucker, Mears Tucker & Eichholtz, Indianapolis, Ind., for Beneficial.

David J. Theising, Indianapolis, Ind.

## ORDER OVERRULING OBJECTION OF BENEFICIAL INDIANA, INC., AND GRANTING DEBTORS' MOTION FOR AVOIDANCE OF LIEN

RICHARD W. VANDIVIER, Bankruptcy Judge.

This matter comes before the Court on the Motion for Avoidance of Lien ("the Motion") filed by the Debtors on September 7, 1989, and on the Objection of Beneficial Indiana, Inc. to Debtor's [sic] Motion to Avoid Lien ("the Objection") filed on October 11, 1989, by Beneficial Indiana, Inc. ("Beneficial"). The Court now overrules the Objection and grants the Motion for the reasons below.

1. The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on September 6, 1989. In their Motion, they state that Beneficial has a nonpossessory, non-purchase-money security interest in certain household and personal items which impairs an exemption to which the Debtors would have been entitled under Indiana law and which the Debtors seek to avoid under 11 U.S.C. section 522(f)(2).

2. To facilitate a debtor's fresh start, a debtor may exempt certain property from the bankruptcy estate. *See* 11 U.S.C. section 522. The Bankruptcy Code provides a list of exempt property, *see* 11 U.S.C. section 522(d), but a state may opt out of the federal exemptions and provide its own exemptions, *see* 11 U.S.C. section 522(b). Indiana has opted out of the federal exemptions, *see* Ind.Code 34–2–28–0.5, and provides its own list of exempt property, *see* Ind.Code 34–2–28–1(a). Included in the Indiana exemptions are interests in real estate or personal property serving as a debtor's residence of not more than $7500.00 and other real estate or personal property of $4000.00.

3. A bankruptcy debtor may avoid the fixing of a lien on an interest in property to the extent that such lien impairs an exemption to which the debtor would have been entitled, if such lien is a nonpossessory, nonpurchase-money security interest in any household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. 11 U.S.C. section 522(f)(2)(A).

4. Beneficial does not dispute that the items in which it has a security interest are of the type and within the value limits of Ind.Code 34–2–28–1(a) and 11 U.S.C. section 522(f)(2)(A), or that its lien is a nonpossessory, nonpurchase-money security interest. The only basis for its objection is its contention that a recent amendment to the Indiana exemption statute precludes the Debtors' use of section 522(f)(2).

5. Through enactment of PL 290–1989, approved April 26, 1989, and effective July 1, 1989, the Indiana legislature added the following to the Indiana exemption statute:

Real estate or personal property upon which a debtor has voluntarily granted a lien is not, to the extent of the balance due on the debt secured by the lien:

(1) Subject to this chapter [Chapter 28, Sales and Execution of Real Estate—Exemption of Certain Property]; or

(2) Exempt from levy or sale on execution or any other final process from a court.

Ind.Code 34–2–28–1(d) ("the Amendment").

6. Beneficial contends that under the authority of 11 U.S.C. section 522(b), Indiana has determined that personal property subject to a consensual lien is not entitled to exemption, and thus the Debtors

may not avoid the lien under 11 U.S.C. section 522(f)(2) because Beneficial's lien does not impair otherwise exempt property. The Debtors contend that while a state may opt out of the federal list of exemptions, it may not opt out of the lien avoidance provisions of section 522(f).

7. There is no published case on point from the Seventh Circuit or from either the Northern or Southern Districts of Indiana, and the authorities from other jurisdictions are conflicting. Some cases have concluded that a state exemption scheme may preclude debtors from avoiding consensual liens under section 522(f)(2). *See In re Pine,* 717 F.2d 281 (6th Cir.1983), *cert. denied,* 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984) (involving state law which defined exempt property as including only a debtor's equity in the property); *In re McManus,* 681 F.2d 353 (5th Cir.1982) (involving state law which provided that a debtor may not claim an exemption from seizure of property to enforce chattel mortgage). Other cases, however, have concluded that a state's power to define exempt property does not include the power to invalidate the federal right to lien avoidance. *See In re Leonard,* 866 F.2d 335 (10th Cir.1989) (involving state law which limited exemption to value over amount of lien); *In re Hall,* 752 F.2d 582 (11th Cir.1985) (involving state law which defined exempt property as the unencumbered portion of the property).

8. The reasoning of the latter cases appears more sound, as it is more in harmony with the language of section 522(f)(2), *see Leonard,* 866 F.2d at 336–37 (if debtor "would have been entitled" to exempt the property in the absence of the lien, the lien is avoidable), principles of statutory construction, *see Hall,* 752 F.2d at 586 (permitting state to invalidate lien avoidance provision inconsistent with principle that all parts of a statute are to be given effect, if possible), with the legislative history of section 522(f)(2), *see id.* at 587–88 (purpose was to prevent creditors from using threat of repossessing household goods of little value to anyone but debtors to impair fresh start by coercing payments of dischargeable debts), and with the supremacy clause of the Constitution, *see id.* at 586 (state

provision defining lien encumbered property as nonexempt would be subject to 11 U.S.C. section 522(f) under U.S. Const. Art. VI, cl. 2). In a recent case, the Seventh Circuit cited portions of both *Hall* and *McManus* to support deference to the flexibility Congress gave the states in the area of exemptions. *See In re Ondras,* 846 F.2d 33, 35–36 (7th Cir.1988) (upholding former Indiana law allowing exemptions from contract but not tort claims). However, since *Ondras* did not involve the constitutional issue of whether a state could invalidate a right explicitly conferred on a debtor by the Bankruptcy Code, the Seventh Circuit may well decide, if faced with that issue, that impairment of such right is not within the flexibility Congress allowed states. The Court, however, does not need to resolve this issue because the Objection can be overruled on a more narrow statutory basis.

9. While the Amendment has no legislative history to guide its interpretation, one indisputable effect was to legislatively overrule *Associates Financial Services of Indiana, Inc. v. Boldman,* 495 N.E.2d 203 (Ind.App.1986). In that case, the Indiana Court of Appeals decided that the lien avoidance provisions of the Bankruptcy Code were not self-executing, and that a debtor who had not avoided liens under 11 U.S.C. section 522(f)(2) during bankruptcy could not interpose that provision as an affirmative defense to a creditor's post-bankruptcy foreclosure attempt. *See id.* at 205–06. However, the court then decided that the Indiana exemption statute itself made the listed property exempt from foreclosure on a consensual security interest, finding such action included in the language "or any other final process from a court" of Ind.Code 34–2–28–1(a). *See id.* at 206. Under this ruling, Indiana debtors had far broader exemption rights under state law than under the Bankruptcy Code since creditors were prevented from enforcing *any* consensual lien, apparently even a purchase money security interest or a mortgage on real property, neither of which are avoidable under 11 U.S.C. section 522(f)(2), if it impaired property of a type

and value listed in the exemption statute. With the Amendment, the Indiana legislature emphatically overruled this holding by providing that the exemption provisions were inapplicable to liens voluntarily given and that property so encumbered would not be exempt from levy or sale on execution "or any other final process from a court". *See* Ind.Code 34–2–28–1(d).

10. Before the Amendment, there was no real dispute that Indiana debtors could utilize 11 U.S.C. section 522(f)(2) to avoid consensual liens in otherwise exempt household goods. *See In re Wilson,* 51 B.R. 16 (Bankr.S.D.Ind.1984) (finding no attempt by Indiana, prior to the Amendment, to opt out of lien avoidance provision). The Court finds nothing in the Amendment or the events prior to its enactment to suggest that it was intended to interfere with a bankruptcy debtor's federal lien avoidance rights. The Court will not infer that the state was attempting to take a measure of such questionable constitutionality and of such detrimental impact on bankruptcy debtors without a more explicit indication that this was indeed its object, especially when a different object, i.e. overruling *Boldman,* is so apparent.

11. The Court concludes that the Objection must be overruled because the Amendment was not intended to, and does not in fact, affect a debtor's federal lien avoidance rights. *See In re Maddox,* 713 F.2d 1526 (11th Cir.1983) (finding that state had not attempted to opt out of lien avoidance provision).

The Court therefore OVERRULES Beneficial's Objection and GRANTS the Debtors' Motion for Avoidance of Lien.

SO ORDERED.