William D. PAEPLOW, Appellee,

v.

Edmond W. FOLEY, et al., Appellants.

No. S90–533(RLM).

United States District Court,
N.D. Indiana,
South Bend Division.

April 8, 1991.
Rehearing Denied April 18, 1991.
As Corrected May 7, 1991.

Henry A. Hoover, South Bend, Ind., for appellee.

Edmond W. Foley, South Bend, Ind., for appellants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This is an appeal by Edmond W. Foley, R. Kent Rowe, R. Kent Rowe, III, Jerry E. Huelat, V.E. Beagles, Betty Beagles, Pete Cassen, and Karen Cassen ("the creditors") from final decisions of the bankruptcy court on September 21, 1990, as amended on September 24, 1990, granting debtor William Paeplow's request for injunctive relief and denying a motion to strike the debtor's complaint for injunction. 119 B.R. 610. The creditors claim that the bankruptcy court improperly found that a certain real property debt of Mr. Paeplow and his wife was dischargeable in a Chapter 7 proceeding. The creditors claim the right to proceed in state court on the debtor's liability and fault the bankruptcy court for improperly enjoining them from so doing.

## Background

The parties do not dispute the facts of this appeal. On October 5, 1981, Mr. and Mrs. Paeplow executed a joint note payable to the First Interstate Bank in Roswell, New Mexico in the amount of $60,000.00. The balance on the October 5, 1981 note was due on or before April 5, 1982.

Shortly after execution of the October 5 note, the creditors signed an agreement subordinating their rights to certain of the debtor's property to the Roswell bank. The Paeplows' defaulted on the October, 1981 note on September 3, 1982, and the creditors assumed the Paeplows' liability on the promissory note in order to protect their interests in property secured by an agreement pledging certain collateral and accounts receivable.

Mr. Paeplow individually filed his petition under Chapter 7 of the Bankruptcy Code on September 3, 1982. In his Schedule B-4 list of claimed property exemptions, Mr. Paeplow listed the South Bend property as exempt from the estate pursuant to IND.CODE 34-2-28-1(a). Mr. Paeplow received a discharge in bankruptcy on January 6, 1984. The discharge of debtor entered in Mr. Paeplow's case reads as follows:

It appearing that the person named above has filed a petition commencing a case under title 11, United States Code on September 3, 1982, that an order for relief was entered under chapter 7 and that no complaint objecting to the discharge of the debtor was filed within the time fixed by the court [or that a complaint objecting to discharge of the debtor was filed and, after due notice and hearing, was not sustained], it is ordered that

1. The above named debtor is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

(a) debts dischargeable under 11 U.S.C. § 523;

(b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523(a);

(c) debts determined by this court to be discharged under 11 U.S.C. § 523.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from commencing, continuing or employing any action, process or act to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of that debt is waived.

On December 12, 1983, the Roswell bank moved for relief from automatic stay with the bankruptcy court, seeking permission for leave to file an action against Mr. Paeplow in state court to secure a judgment against the debtor and his wife with respect to the South Bend property. The bankruptcy court granted the Roswell Bank's motion for relief from stay on January 16, 1984. In granting the Roswell Bank's motion, the court modified the order submitted by the creditor. Specifically, the bankruptcy court ordered:

That the automatic stay of 11 U.S.C. § 362(a) as against Bank shall be and hereby is modified to enable it to proceed in state court on its joint claim against Debtor and Debtor's wife,

but deleted the following language from the remainder of the paragraph in the creditor's form of order:

to enforce any subsequent judgment lien thereby obtained against the real estate located at 51921 Whitestable Lane, South Bend, Indiana held by the Debtor and his wife as tenancy by the entireties property ...

The Roswell bank later assigned its rights to the October, 1981 promissory note to the creditors, who, in September, 1987, filed their own motion for relief from stay for the purpose of proceeding against Mr. Paeplow in state court and securing a judgment with respect to the South Bend property. The bankruptcy court entered a order noting that a discharge had been issued to Mr. Paeplow on January 6, 1984, at which time the stay was lifted as to all creditors.

In October, 1988, the creditors filed a motion for leave to amend their complaint in the St. Joseph Superior Court, adding Mr. Paeplow to the previously filed action against Mrs. Paeplow for collection on the Roswell Bank note. The state court granted the creditors' motion two days later. The creditors added Mr. Paeplow to the state court action so as to obtain a joint judgment against both Paeplows and execute that judgment against the South Bend property. The creditors characterize the nature of the St. Joseph Superior Court proceeding as *in rem*.

Trial in the St. Joseph Superior Court action was scheduled for September 26, 1990. At no time did Mr. Paeplow raise the defense of discharge in bankruptcy in the state court proceedings.

On July 25, 1990, Mr. Paeplow filed a complaint for injunction under 11 U.S.C. § 524 against the creditors, seeking to prohibit them from taking any further action in the St. Joseph Superior Court with respect to their promissory note. The creditors responded to the complaint with a motion to strike that pleading and additionally requested attorney fees and sanctions against Mr. Paeplow for his alleged bad faith in seeking the injunctive relief. Mr. Paeplow filed for partial summary judgment on the complaint for injunction.

Following briefing of the motions and a hearing, the bankruptcy court issued an order denying the creditors' motion to strike and granting the debtor's request for an injunction on September 21, 1990. In its amended order of September 24, the bankruptcy court set forth a lengthy discussion of its September 21 ruling, and stated:

As the debtor listed his indebtedness to First Interstate Bank in his bankruptcy schedules and was granted a discharge before any party obtained a judgment lien on the property which he and his wife held as tenants by the entirety, the court finds that the debtor's joint and

several liability arising from the promissory note executed in favor of First Interstate Bank has been discharged. First Interstate Bank and/or its assignors further have been enjoined from the date of the discharge from taking any further action to collect the debtor's portion of the liability. 11 U.S.C. § 524(a)(2) (Callaghan 1989). They, of course, are free to attempt to collect the debtor's spouse's portion of the liability but may not obtain a lien against property which the debtor and his wife held as tenants by the entirety at the time of the debtor's discharge because they failed to preserve their claim to the property prior to the discharge. The court finds this to be so notwithstanding the debtor's action or inaction in the subsequent state court proceeding.

### Standard of Review

[1] Bankruptcy Rule 8013 provides:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

This rule makes it clear that the court's review of the bankruptcy judge's findings of fact is to be under the clearly erroneous standard. *In re Weber*, 892 F.2d 534, 538 (7th Cir.1989); *In re Hilligoss*, 849 F.2d 280, 282 (7th Cir.1988); *First Wisconsin Nat'l Bank v. Federal Land Bank*, 849 F.2d 284, 286 (7th Cir.1988); *In re Excalibur Automobile Corp.*, 859 F.2d 454, 457 n. 3 (7th Cir.1988). Under this standard, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as trier of fact; the fact finder's choice between two permissible views of evidence cannot be clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–574, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985);

*EEOC v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir.1988).

■ A bankruptcy court's conclusions of law are reviewed *de novo* on appeal. *In re Newman*, 903 F.2d 1150 (7th Cir.1990); *Calder v. Camp Grove State Bank*, 892 F.2d 629 (7th Cir.1990). The bankruptcy court's conclusions do not bind the district court and are entitled only to such deference as the district court sees fit. *In re Cricker*, 46 B.R. 229 (N.D.Ind.1985); *Rushville Production Credit Ass'n v. Mohr*, 42 B.R. 1000 (S.D.Ind.1984); *In re Schaller*, 27 B.R. 959 (W.D.Wis.1982). In addition, the court must determine whether the bankruptcy court applied the proper legal standard to the facts. *In re Stratton*, 23 B.R. 284, 287 (D.S.D.1982).

■ The creditors present the following issue on appeal:

Whether the bankruptcy court erred in denying defendants' motion to strike the plaintiff's complaint and in granting the debtor's complaint for injunction and permanently enjoining the defendants from taking any action in the St. Joseph Superior Court insofar as said action concerns the debtor's joint and several liability arising from the promissory note which he executed with his wife in favor of the first interstate bank on October 5, 1981; and from enjoining the defendants from taking any action to obtain a lien on property which the debtor and his wife held as tenants by the entirety at the time of the debtor's discharge?

Because this issue is essentially legal in nature, the court must review the decisions of the bankruptcy court on this issue *de novo*.

In their appeal, the creditors present the same arguments addressed to the bankruptcy court. Generally, they challenge the bankruptcy court's application of well-established bankruptcy case law and posit the uniqueness of Indiana law on tenancy by entireties applicable to this case. Their arguments, however, simply are not supported by the applicable federal bankruptcy and Indiana case law applicable to this case.

*Dischargeability of the Debtor's Real Property Interest*

The central issue on appeal is the propriety of the bankruptcy court's decision to enjoin the creditors from bringing a property action against a debtor in bankruptcy or, ·in other words, whether the bankruptcy court properly discharged Mr. Paeplow's debt on the South Bend property. Applicable law supports the bankruptcy court's resolution of these issues in favor of the debtor.

As part of his financial accounting to the bankruptcy court, Mr. Paeplow sought to exempt the South Bend property by invoking IND.CODE 34–2–28–1, which provides in pertinent part:

> (a) The following property of a judgment debtor domiciled in Indiana is not subject to levy or sale on execution or any other final process from a court, for a judgment founded upon an express or implied contract or a tort claim:
>
> *     *     *     *     *     *
>
> (5) Any interest the judgment debtor has in real estate held as a tenant by the entireties on the date of the filing of the petition for relief under the bankruptcy code unless a joint petition for relief is filed by the judgment debtor and spouse, or individual petitions of the judgment debtor and spouse are subsequently consolidated.
>
> *     *     *     *     *     *
>
> (d) Real estate or personal property upon which a debtor has voluntarily granted a lien is not, to the extent of the balance due on the debt secured by the lien:
>
> (1) subject to this chapter; or
> (2) exempt from levy or sale on execution or any other final process from a court.

Federal courts have permitted debtors to achieve exemptions of certain property in bankruptcy pursuant to that Indiana statute. *In re Ondras*, 846 F.2d 33 (7th Cir. 1988); *Matter of Lenczowski*, 79 B.R. 392 (Bankr.N.D.Ind.1983); *In re Wilson*, 51 B.R. 16 (Bankr.S.D.Ind.1984). Mr. Paeplow, therefore, properly sought a dis-

charge from the debt owed to either the Roswell Bank or the creditor.

Mr. Paeplow's personal debts, including that debt jointly owed with his wife were discharged on January 6, 1984. Despite that discharge, the creditors sought to bring an *in rem* action against the property and the Paeplows to secure a judgment lien against that real estate in satisfaction of the Paeplows' debt. The creditors' attempt to obtain a judgment lien on the South Bend property failed, not (as claimed on appeal) because the bankruptcy court misapplied the law, but rather because the creditors' action was untimely.

▮▮▮ As the creditors point out, and the bankruptcy court recognized, Indiana law recognizes that an estate by entireties is immune from seizure for satisfaction of the individual liability of either spouse. *Enloe v. Franklin Bank & Trust Co.*, 445 N.E.2d 1005 (Ind.App.1983); *First National Bank of Goodland v. Pothuisje*, 217 Ind. 1, 25 N.E.2d 436 (1940); *Echelbarger v. First National Bank of Swayzee, Ind.*, 211 Ind. 199, 5 N.E.2d 966 (1937). The doctrine of tenancy by entireties, therefore, presents difficulties for a creditor seeking judgment on debts of an estate in bankruptcy. When, as here, only one spouse files for bankruptcy, a creditor has no claim before the bankruptcy court for that spouse's individual liability on property owned by the joint spouses. *Matter of Grosslight*, 757 F.2d 773 (6th Cir.1985); *Matter of Jeffers*, 3 B.R. 49 (Bankr.N.D.Ind.1980).

Therefore, these creditors could not file a claim against Mr. Paeplow's estate based on their interest in property jointly owned by Mr. and Mrs. Paeplow. The creditors, though, had a legal course to pursue to satisfy their debt, despite Mr. Paeplow's Chapter 7 filing. Bankruptcy courts have approved a procedure for a creditor to obtain a judgment against the property owned by tenants in entirety. Specifically, Indiana law and bankruptcy law both allow a creditor to proceed to collect on a debtor's liability with respect to property owned by tenants in entirety when a judicial lien on that property exists. *In re Jackson v. Farmers State Bank*, 74 B.R. 45 (Bankr.N.

D.Ill.1987); *In re Marino*, 27 B.R. 282 (Bankr.N.D.Ind.1983); *In re Saxon*, 51 B.R. 246 (Bankr.S.D.Ind.1983). For such lien to be enforceable, the creditor must obtain that lien before the bankruptcy court's discharge of the debtor's liability. *Munoz v. Dembs*, 757 F.2d 777, 781 (6th Cir.1985); *Harris v. Manufacturer's National Bank of Detroit*, 457 F.2d 631 (6th Cir.), *cert. denied*, 409 U.S. 885, 93 S.Ct. 118, 34 L.Ed.2d 142 (1972); *Blake v. First Crown Financial Corp.*, 443 N.E.2d 871 (Ind.App.1983). Once a debtor has been discharged in bankruptcy proceedings, however, a creditor cannot seek a judgment lien against property discharged in the bankruptcy estate. 11 U.S.C. § 524; *In re Balber*, 112 B.R. 6 (Bankr.W.D.Pa.1990); *In re Brandstaetter*, 767 F.2d 324, 328 (7th Cir.1985); *Smith v. Beneficial Finance Co. of Indianapolis*, 139 Ind.App. 653, 218 N.E.2d 921 (1966).

■ These creditors simply failed to obtain a judicial lien against the South Bend property before the bankruptcy court's discharge of Mr. Paeplow's debts. The creditors sought to get relief from the automatic stay over Mr. Paeplow's estate in order to proceed on the *in rem* action in state court, but filed this motion after discharge had been granted and the stay was no longer in effect. The creditors claim that they held an equitable lien on the South Bend property, but offer no legal support for this position.

The creditors' primary challenge on appeal is the argument that the bankruptcy court applied pre-Code case law that is no longer applicable with the enactment of Title 11 of the United States Code. However, the case law discussed above illustrates that the bankruptcy court properly applied post-Code authority to this cause. *See generally Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985).

Mr. Paeplow filed his Chapter 7 proceeding in 1982. During that time period, the Roswell Bank and/or the creditors had an opportunity to seek a judgment lien against the South Bend property to avoid the result now complained of on appeal from the bankruptcy court. Nobody sought to obtain a judgment lien on the South Bend property until after Mr. Paeplow's debts had been discharged. Neither the Roswell bank nor the creditors sought to delay Mr. Paeplow's discharge by petitioning the bankruptcy court for that relief. As a result of these failures to act, the creditors have lost their claim against Mr. Paeplow's interest in the South Bend property.

### Conclusion

■ For the reasons set forth above, the court now AFFIRMS on appeal the bankruptcy court's decisions of September 21, 1990 and September 24, 1990. The court does not believe that the arguments raised on appeal were so inappropriate as to warrant the award of sanctions sought by Mr. Paeplow.

SO ORDERED.

### ON MOTION FOR REHEARING

This cause is before the court on the appellants' motion for rehearing pursuant to Bankruptcy Rule 8015. The appellants seek this court's reconsideration of its April 8, 1991 memorandum and order affirming decisions of the bankruptcy court.

Bankruptcy Rule 8015 provides:

Unless the district court or the bankruptcy appellate panel by local rule or court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

The appellants' motion was filed properly within the prescribed limit of Bankruptcy Rule 8015, *see generally In re Conn Aire, Inc.*, 91 B.R. 462 (M.D.Tenn.1988), but the appellants' motion does not raise grounds sufficient to warrant reopening this matter. Accordingly, the appellants' motion for rehearing must be denied.

The appellants contend that this case should receive a rehearing based on a factual inaccuracy in the April 8 memorandum

and order. At page 3 of that order, the court incorrectly stated that the bankruptcy court had deleted the following language from its January 16, 1984 order:

To enforce any subsequent judgment lien thereby obtained against the real estate located at 51921 Whitestable Lane, South Bend, Indiana held by the Debtor and his Wife as tenancy by the entireties property ...

The court's copy of the January 16, 1984 order suggested that the language was purposely omitted from the bankruptcy court's determination to grant a relief from stay to the Roswell Bank.

■■■ The court now modifies its April 8 order to reflect that the above-quoted language was part of the bankruptcy court's January 16, 1984 order. This modification, however, sheds no new light on the appellants' position.

In the January 16, 1984 order, the bankruptcy court gave certain relief to one of Mr. Paeplow's creditors; that creditor bank has not brought the appeal to this court. Accordingly, the bankruptcy court's January 16, 1984 order does not provide these appellant-creditors with any legal rights, even with the inclusion of the omitted language.

■■■ The appellants have argued their right to proceed *in rem* against certain property of debtor William Paeplow in state court. However, as explained in the April 8 order, the appellant-creditors had not followed the proper procedures before the bankruptcy court's discharge of Mr. Paeplow's debts to secure their right to maintain such an *in rem* action. That the Roswell Bank was granted relief to proceed with similar litigation in January, 1984 does not impact upon the appellants' rights or the issues on appeal to this court.

Accordingly, the court now DENIES the appellants' motion for rehearing and MODIFIES its memorandum and order of April 8, 1991 as set out herein.

SO ORDERED.