**Lisa K. HASTETTER, Appellant–Defendant,**

v.

**FETTER PROPERTIES, LLC, Appellee–Plaintiff.**

**No. 82A01–0704–CV–198.**

Court of Appeals of Indiana.

Sept. 20, 2007.

Paul J. Wallace, Evansville, IN, Attorney for Appellant.

Donald J. Fuchs, Adam J. Farrar, Bamberger, Foreman, Oswald and Hahn, LLP, Evansville, IN, Attorneys for Appellee.

**OPINION**

BAKER, Chief Judge.

Appellant-defendant Lisa K. Hastetter appeals from the trial court's judgment in favor of appellee-plaintiff Fetter Properties, LLC (Fetter Properties), awarding Fetter Properties damages and attorneys' fees for Hastetter's breach of an agreement to reimburse Fetter Properties for storm damage to an awning on property that Fetter Properties had contracted to purchase. Specifically, Hastetter argues that the judgment must be reversed because the alleged agreement requiring her to reimburse Fetter Properties for the damage was not merged into the deed and Fetter Properties waived any right that it may have had to recover damages. Hastetter also claims that the award of attorneys' fees to Fetter Properties was erroneous because the claim against her was frivolous, without "good faith," and there was no "legal justification for bringing this action." Appellant's Br. p. 9. Additionally, Hastetter argues that the trial court should have awarded *her* attorneys' fees in light of Fetter Properties' frivolous claim. Finding no error, we affirm the judgment of the trial court and remand this cause for the calculation of reasonable appellate attorneys' fees to which Fetter Properties may be entitled.

*FACTS*

On March 21, 2006, Monte Fetter, the managing member of Fetter Properties, entered into a commercial real estate purchase agreement (Purchase Agreement) with Hastetter for certain real estate and improvements in Evansville. Kenneth Newcomb, a licensed real estate broker, represented Hastetter, the seller in the transaction. Fetter, who was also a licensed real estate broker for twenty-one years, represented Fetter Properties. The Purchase Agreement, which was a standard "Commercial Industrial Real Estate Purchase Agreement" form that Fetter had prepared, provided in relevant part that

> G. The possession of the Property shall be delivered to Buyer ... in its present condition, ordinary wear and tear excepted, on the Closing Date. Seller shall maintain the Property including fixtures, equipment and any included personal property in its present condition until possession is delivered to Buyer.
>
> ...
>
> I. INSURANCE AND RISK OF LOSS: In the event any damage or destruction is not fully repaired prior to closing, Buyer, at its option, may either terminate this Agreement or elect to close the transaction, in which event Seller's right to all insurance proceeds not yet applied to repair of the damage or destruction shall be assigned in writing by Seller to Buyer at closing.
>
> ...
>
> Q. MISCELLANEOUS:

6. This Agreement constitutes the entire agreement of the parties and cannot be changed except by their written consent....

11. Any party who is the prevailing party against any other party in any legal or equitable proceeding relating to this Agreement shall be entitled to recover court costs and reasonable attorney fees from the non-prevailing party.

Appellant's App. p. 10–11, 13.

Approximately ten days after the Purchase Agreement was signed—but prior to closing—a storm damaged the fabric awning covering the front of the building. Shortly thereafter, Fetter Properties informed Newcomb about the incident. As a result, Hastetter instructed Fetter Properties to retain Siemers, a local company that specializes in glass and awnings, to repair the damage. However, Siemers was not able to complete the project prior to the closing because the order had been "misplaced." Appellee's App. p. 5. In a telephone conversation between Fetter Properties and Newcomb that took place a week before the closing on May 9, 2006, Fetter Properties agreed to pay the repair bill from Siemers as long as Hastetter would reimburse Fetter Properties for the repair costs.

At the closing, Fetter mentioned the damaged awning, and Newcomb told Fetter to send the repair bills to him for reimbursement by Hastetter. Hastetter was present during this conversation, and although she heard the conversation between Fetter and Newcomb, she did not object. After Siemers repaired the awning and Fetter Properties submitted the invoice for reimbursement, Hastetter refused to pay. Moreover, while the insurance company paid the claim to Hastetter, those funds were not forwarded to Fetter Properties.

As a result of the nonpayment, Fetter Properties sent Hastetter a demand letter, which she ignored. Thereafter, on December 20, 2006, Fetter Properties filed a claim against Hastetter seeking $1925 in damages for breach of contract and reasonable attorneys' fees. Following a bench trial on March 20, 2007, the trial court entered a judgment in favor of Fetter Properties in the amount of $1925 in damages and $1336 in attorneys' fees and costs. Hastetter now appeals.

## *DISCUSSION AND DECISION*

### *I. Standard of Review*

In addressing Hastetter's contentions, we initially observe that small claims court judgments are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Pursuant to Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. This deferential standard of review is particularly important in small claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting. *Trinity Homes, LLC v. Fang,* 848 N.E.2d 1065, 1068 (Ind. 2006). We also note that the parties in a small claims court bear the same burdens of proof as they would in a regular civil action on the same issues. Ind. Small Claims Rule 4(A). It is incumbent upon the party who bears the burden of proof to demonstrate that it is entitled to the recovery sought. *LTL Truck Serv., LLC v. Safeguard, Inc.,* 817 N.E.2d 664, 668 (Ind. Ct.App.2004). We consider evidence in the light most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Id.* at 667. We will reverse a judgment only if the evidence

leads to but one conclusion and the trial court reached the opposite conclusion. *Id.*

However, we note that this deferential standard does not apply to the substantive rules of law, which are reviewed de novo just as they are in appeals from a court of general jurisdiction. *Id.* In this case, the issue relates to the doctrines of merger and waiver as they relate to the Purchase Agreement. Thus, we are presented with pure questions of law that are reviewed de novo.

*II. Hastetter's Claims*

*A. Application of Merger*

Hastetter contends that the trial court erred in awarding damages to Fetter Properties because the discussions regarding the repair of the awning were separate and apart from the execution of the Purchase Agreement. Thus, Hastetter argues that any agreement regarding reimbursement for repair costs was not merged into the deed and, therefore, is not enforceable.

In support of her contention, Hastetter relies on this court's opinion in *Warner v. Estate of Allen,* 776 N.E.2d 422 (Ind.Ct. App.2002), where it was determined that

> in the absence of fraud or mistake, all prior or contemporaneous negotiations or executory agreements, written or oral, leading up to the execution of a deed are merged therein by the grantee's acceptance of the conveyance in the performance thereof. Under this doctrine, any existing contracts between the parties, if not carried forward into the deed, are extinguished thereby, and no action lies on the contract.

*Id.* at 427.

Notwithstanding this pronouncement, the undisputed evidence in *Warner* established that the property's condition did not change from the date that the parties entered into the purchase agreement until closing. *Id.* at 425–26. Specifically, it was shown that a hailstorm damaged the roof on May 18, 2000, the parties signed the purchase agreement on June 10, 2000, and the closing took place on June 13, 2000. *Id.* at 424. The *Warner* court concluded that the purchaser was not entitled to the insurance proceeds under the contract because the property remained in the condition present at signing until possession was delivered at closing, and no damage occurred in the interim. *Id.*

In this case, however, the undisputed evidence established that the condition of the property changed after the parties signed the Purchase Agreement, but before closing. As noted in the facts, approximately one week after the Purchase Agreement was executed, a storm severely damaged the awning to the extent that Hastetter submitted an insurance claim and received proceeds for the damage. Indeed, Hastetter would have breached the contract by not delivering the property in the same condition present at closing, but for the agreement to repair the damage. Moreover, unlike the circumstances in *Warner*—which did not involve a verbal agreement—the testimony presented at trial demonstrated that a verbal agreement had been reached regarding repairs and reimbursement. Appellee's App. p. 7–9, 13–14.

This court has recently addressed the application of the merger rule in *Williams v. Younginer,* 851 N.E.2d 351, 357 (Ind.Ct. App.2006), where it was determined that the doctrine of merger had no application to extinguish rights collateral and independent to the conveyance of title, such as those concerning the quality of improvements. *Id.* at 357.

In this case, Hastetter is correct in her assertion that the parties did not intend for the promises that were made concern-

ing the damaged awning to merge with the deed at closing. And the deed conveying title to Fetter Properties is silent on the matter of merging the repair agreement into the deed. Appellant's App. p. 24. However, the parties' intentions can be determined from their actions and words. For instance, immediately after the closing, Fetter requested confirmation that Hastetter would reimburse his company for the awning repairs. Appellee's App. p. 7. With Hastetter present, Newcomb affirmatively replied that Fetter would be reimbursed, and Hastetter did not object to Newcomb's response. *Id.* Additionally, approximately one week prior to closing, Fetter Properties and Hastetter—through Newcomb—agreed to continue with the scheduled closing as long as reimbursement for the repairs would be made after the closing. Appellee's App. p. 8–9, 14–15. Both of these exchanges manifested the parties' intention that the obligations pertaining to the repair and repayment of the repair costs would survive the merger of the Purchase Agreement into the deed. As a result, Hastetter's claim fails on this basis.

*B. Waiver*

Alternatively, Hastetter argues that Fetter Properties waived all of its claims for reimbursement for repair costs to the awning. In essence, Hastetter contends that Fetter waived its rights because it "chose to proceed and not terminate the [Purchase Agreement] ... or require an assignment of insurance proceeds." Appellant's Br. p. 4.

In addressing this issue, we note that a party may waive a contract provision that inures to his or her benefit. *Terre Haute Reg'l Hosp., Inc. v. El–Issa,* 470 N.E.2d 1371, 1379 (Ind.Ct.App.1984). Waiver is an intentional relinquishment of a known right, and silence, inactivity, or acquiescence is not waiver unless the party against whom waiver is claimed had a duty to act or speak. *Am. Nat'l. Bank & Trust Co. v. St. Joseph Valley Bank,* 180 Ind. App. 546, 391 N.E.2d 685, 687 (1979). We also note that an oral agreement is binding so long as it is "predicated upon adequate consideration before it can command performance." *Warner,* 776 N.E.2d at 428. Consideration demands a "benefit to the party promising, or a loss or detriment to the party to whom the promise is made." *Id.* A detriment occurs when the promise forbears a legal right, and a benefit results when the promissor receives a legal right to which he would not otherwise be entitled. *Id.*

Here, the agreement reached by the parties after the storm damage required Fetter Properties to forfeit its option to terminate the contract. Moreover, the agreement entitled Fetter Properties to the benefit of repair cost reimbursement, and Hastetter was obligated to reimburse Fetter Properties for the repair costs. In our view, the promise to repair and reimburse satisfied consideration requirements, which gave rise to collateral and independent rights separate and apart from the Purchase Agreement. Even more compelling, the independent agreement only furthered the provisions of the Purchase Agreement that required the risk of loss to fall on the seller in the event of damage or destruction.

In our view, it is apparent that the confirmation by Fetter and the demand letter of November 3, 2006, placed Hastetter on notice that Fetter Properties was exercising its contractual rights. Appellee's App. p. 10–11, 24–25. Hastetter possessed the insurance proceeds and during this time provided Hastetter with sufficient time to reimburse Fetter Properties as they had previously agreed. Therefore, Hastetter has made no showing that Fet-

ter Properties waived any right to be reimbursed for the repair costs.

*C. Attorneys' Fees*

Finally, Hastetter argues that the trial court erred in awarding Fetter Properties a judgment on its claim for attorneys' fees. Moreover, Hastetter claims that the trial court should have awarded attorneys' fees to her because of the "groundless, unreasonable, and frivolous claim of Fetter Properties." Appellant's Br. p. 4–5.

In addressing this claim, we first note that Fetter Properties was successful at the trial court level, and we have determined that it should also prevail on appeal. And it is well settled that one is entitled to attorney fees when provided for by statute or contract. *Johnson v. Dawson*, 856 N.E.2d 769, 775–776 (Ind.Ct.App.2006). As noted above, the Purchase Agreement provides that "[A]ny party who is the prevailing party against any other party in any legal or equitable proceeding *relating to the Agreement* shall be entitled to recover court costs and reasonable attorney fees from the non-prevailing party." Appellant's App. p. 13 (emphasis added).

In our view, Fetter Properties' action in this instance for the damage reimbursement "relates" to the Purchase Agreement, such that the award of attorneys' fees was proper in accordance with that contract. Thus, because Hastetter does not challenge the reasonableness of the trial court's attorneys' fee award, we decline to set aside that portion of the judgment. Moreover, because Fetter Properties has prevailed on appeal, it is also entitled to an award of appellate attorneys' fees under the Purchase Agreement.

The judgment of the trial court is affirmed and this cause is remanded for a calculation of reasonable appellate attorneys' fees to which Fetter Properties may be entitled.

BAILEY, J., and VAIDIK, J., concur.