NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 11, 2009[*]
Decided March 24, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2369

| | |
|---|---|
| URIAN R. STURGIS, SR., | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:06-cv-1308-DFH-WTL |
| AUTHOR SOLUTIONS, INC., d/b/a | |
| AUTHORHOUSE, et al., | David F. Hamilton, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Urian Sturgis, Sr., brought this diversity suit against Author Solutions, Inc. ("AuthorHouse"), its CEO, and its client services manager for breach of contract and fraud. The district court granted summary judgment in favor of AuthorHouse, reasoning that

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Sturgis's claims were barred by the Release and Settlement Agreement that he and AuthorHouse had agreed to.  We affirm.

The business relationship between AuthorHouse and Sturgis began in January 2004, when the parties entered into the first of two publishing contracts.  Under these contracts, AuthorHouse agreed, for a fee, to publish books authored by Sturgis, provide other publishing services, and pay Sturgis royalties on the books AuthorHouse distributed.  AuthorHouse published two books for Sturgis, but a dispute arose regarding the amount of royalties the books garnered.  Sturgis proposed to settle the dispute, offering to cancel the publishing contracts and release AuthorHouse from liability in exchange for a payment of $1,699.

In June 2006, the parties executed a Release and Settlement Agreement (the "release agreement"), which reflected the terms of Sturgis's offer.  In exchange for a settlement of $1,699, Sturgis agreed to release claims against AuthorHouse "arising out of or as a result of" the publishing contracts.  The parties agreed that if one of them breached the release agreement, "the breaching Party shall pay any and all reasonable expenses, including but not limited to attorneys' fees, incurred in obtaining the appropriate relief."  The parties further agreed that Indiana law would govern the agreement.  Sturgis faxed to AuthorHouse a copy of the agreement bearing his signature.  AuthorHouse then sent Sturgis a copy of the executed release agreement and a check for $1,699, which Sturgis cashed.

In September 2006 Sturgis sued AuthorHouse for breaching their publishing contracts by not marketing the books properly and for defrauding him of the full amount of the royalties he was owed.  Both parties moved for summary judgment.  AuthorHouse argued that Sturgis's claims were barred because, it contended, the release agreement prohibited Sturgis from bringing claims related to AuthorHouse's duties under the publishing contracts.  In support of its argument, AuthorHouse provided, among other evidence, Sturgis's settlement offer, the signed release agreement, and an affidavit from an employee familiar with the negotiations.  AuthorHouse also requested attorneys' fees.  Sturgis argued that he was entitled to prevail on his fraud claim because AuthorHouse had provided him with quarterly reports and tax forms (which Sturgis provided to the district court) showing that he was entitled to more than $4,000 in royalties.  He put forward no evidence questioning the validity of the release agreement.

The district court granted summary judgment in favor of AuthorHouse and denied Sturgis's motion.  The court reasoned, based on the uncontroverted evidence, that Sturgis consented to the terms of the release agreement, did not seek to rescind it by returning the

$1,699 that AuthorHouse had paid him, and was thus bound by it. Because Sturgis's claims arose out of the parties' contractual relationship, the court concluded, they were barred by the release agreement. The court also agreed that the release agreement entitled AuthorHouse to attorneys' fees and awarded it $15,925.50 to cover its expenses in defending Sturgis's lawsuit. Sturgis moved to reconsider, arguing for the first time that AuthorHouse was violating his copyrights. The court denied this motion because Sturgis did not point to any error in its consideration of the record or application of the law.

On appeal Sturgis clarifies the arguments he made in the district court. He first contends that his claims are not barred by the release agreement because, he says, he did not sign it and AuthorHouse forged his signature. Sturgis, however, has not put forward any evidence to support this argument. Once AuthorHouse submitted a motion for summary judgment supported by facts in the record, Sturgis was required to put forward evidence showing that there was a genuine issue of fact necessitating trial. *See Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). This he did not do, choosing instead to rely on bare allegations, which alone are insufficient to stave off summary judgment. *See id*. The record shows that Sturgis first proposed the settlement terms that AuthorHouse eventually accepted, Sturgis later faxed to AuthorHouse a copy of the release agreement bearing his signature, AuthorHouse sent Sturgis a copy of the signed release agreement along with a check for $1,699, and Sturgis cashed the check without objecting that the signature was invalid. Based on this uncontroverted evidence, the court did not err in determining that Sturgis intended to be bound by the release agreement. *See Beaver v. Grand Prix Karting Ass'n*, 246 F.3d 905, 909 (7th Cir. 2001) (explaining that, under Indiana law, "assent to the terms of a contract may be manifested by a party's actions"); *Herald Tel. v. Fatouros*, 431 N.E.2d 171, 174 (Ind. Ct. App. 1982) (same).

Sturgis next asserts generally that his claims for breach of contract and fraud fall outside of the scope of the release agreement. But the publishing contracts entitled Sturgis to receive marketing services and royalties, and thus the district court was correct to conclude that Sturgis's grievances "aris[e] out of or as a result of the" publishing contracts and so are covered by the release.

A significant portion of Sturgis's brief on appeal urges that the district court erroneously rejected his contention, raised in his motion to reconsider, that AuthorHouse is infringing his copyrights. But Sturgis's complaint did not even hint at a copyright-infringement claim. The district court made no error because an argument raised for the first time in a motion to reconsider comes much too late. *See Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004).

Sturgis also baldly insists that the district court should not have awarded attorneys' fees to AuthorHouse, but he does not say how the court abused its discretion. *See, e.g.,* *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008). And the award here was justified. As the district court explained, Sturgis violated the terms of the release agreement when he sued AuthorHouse for failing to comply with the publishing contracts. The court acted within its discretion in assessing fees incurred by AuthorHouse while enforcing the terms of the agreement. *See Rogers Group, Inc. v. Diamond Builders, LLC*, 816 N.E.2d 415, 420 (Ind. Ct. App. 2004) (explaining that Indiana courts will enforce contract terms providing for payment of attorneys' fees as long as terms are not contrary to law or public policy).

Finally, AuthorHouse seeks additional attorneys' fees to cover its expenses in defending this appeal. Like the fees incurred in the district court, AuthorHouse's expenses in defending the judgment were necessary to enforce the release agreement. Thus, under the terms of the agreement, AuthorHouse is entitled to reasonable attorneys' fees incurred during this appeal. *See Hastetter v. Fetter Props., LLC*, 873 N.E.2d 679, 685 (Ind. Ct. App. 2007); *see also Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994) (awarding attorneys' fees under statutory fee-shifting rule to party successfully defending district court judgment). We note that the district court, in its order awarding attorneys' fees to AuthorHouse, invited AuthorHouse to file a supplemental petition to recoup expenses incurred after May 7, 2008, when briefing on the first fee petition was complete.

AFFIRMED.