

FILED

Feb 15 2017, 10:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Steven E. Runyan
Justin Leverton
Kroger, Gardis & Regas, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

James R. Williams
Matthew L. Kelsey
Defur Voran LLP
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mint Management, LLC, and J&MW Holdings, LLC, <br> *Appellants-Plaintiffs.* <br><br> v. <br><br> City of Richmond, Indiana, <br> *Appellee-Defendant.* | February 15, 2017 <br><br> Court of Appeals Case No. 89A01-1603-PL-496 <br><br> Appeal from the Wayne Superior Court <br><br> The Honorable Charles K. Todd, Jr., Judge <br><br> Trial Court Cause No. 89D01-1310-PL-44 |

**Pyle, Judge.**

## Statement of the Case

[1]     Appellants/Plaintiffs, Mint Management, LLC and J&MW Holdings, LLC (collectively, "Property Owners"), appeal the trial court's grant of summary judgment in favor of Appellee/Defendant, the City of Richmond, Indiana ("the City"), on the Property Owners' declaratory judgment claim. The Property

Owners filed a claim for a declaratory judgment on the issue of whether they were required to pay the City's fee ("Stormwater Fee") for financing its stormwater system. The City filed a motion for summary judgment, and the trial court granted the motion. It reasoned that all owners of real estate parcels in Richmond were required to pay the Stormwater Fee pursuant to the language of the City's stormwater ordinance.

[2] On appeal, the Property Owners argue that we should interpret the City's stormwater ordinance as exempting their properties from the Stormwater Fee because the stormwater runoff from their properties does not enter the City's stormwater system. Because we conclude that the language of the ordinance as a whole requires all property owners in Richmond to pay the Stormwater Fee, we conclude that the trial court did not err in granting summary judgment in favor of the City.

[3] We affirm.

# Issue

Whether the trial court erred when it granted summary judgment in favor of the City.

# Facts

[4] On April 16, 2007, the City adopted Ordinance No. 47-2006 ("the Ordinance"), which created a Stormwater Management District in Richmond ("Stormwater District"). The Stormwater District was created "for the purpose of managing the stormwater collection and conveyance systems and activities in the [C]ity,

establishing rates and charges for the users of the stormwater system of the [C]ity[,] and other related matters." (App. 234). In order to finance the Stormwater District, Section 59.06 of the Ordinance, the "Stormwater Service Charge" section, provided that:

> A [Stormwater Fee] shall be imposed on each and every lot and parcel of land within the City which *directly or indirectly contributes to* the storm water system of the City, which charge shall be assessed against the property owner thereof, who shall be considered the user for the purposes of this chapter.

(App. 240) (emphasis added).

[5] The Property Owners, collectively, own four parcels of real estate ("the Properties") in Richmond. They retained a registered land surveyor who investigated the drainage patterns of the Properties and determined that stormwater runoff from the Properties did not drain directly or indirectly into the City's stormwater system. Based on these surveys, the Property Owners filed separate claims against the City requesting a declaration that they were not required to pay Stormwater Fees under the Ordinance since the Properties did not "contribute to" the City's stormwater system. (App. 240). They also requested recovery of the Stormwater Fees they had already paid. The trial court consolidated the claims, and the City moved for summary judgment against the Property Owners on all claims on January 21, 2015.

[6] In its motion for summary judgment, the City argued that the Ordinance imposed the Stormwater Fee against all real property within the City's boundaries, not just properties whose stormwater runoff drained into, or

"contribute[d] to," the City's stormwater system. Accordingly, the City argued that it was entitled to summary judgment on the Property Owners' declaratory judgment and recovery claims. In support of this argument, the City cited to Ordinance Section 59.05, the "Definitions" section, and Ordinance Section 59.07, the "Stormwater Service Rate Establishment Procedures" section. Both of those sections indicated that the Stormwater Fee was meant to apply to all "user[s]" of the stormwater system. (App. 240). In Section 59.05, the Ordinance defined "user[s] as all "property owner[s] benefitting from the stormwater system." (App. 44). The City then cited to language in INDIANA CODE § 8-1.5-5-5, a section of the Ordinance's enabling statute, that indicated that all property owners were to be considered to benefit from the stormwater system. Based upon this language, the City argued that the Ordinance as a whole specified that all property owners in the City were required to pay the Stormwater Fee because all property owners benefitted from the stormwater system. The City also designated an affidavit from the District Engineer of the Richmond Sanitary District in which the District Engineer averred that: "In my professional opinion, the City of Richmond and its systems benefit[] all parcels within the City, specifically including the parcels owned by the Plaintiffs in this cause of action." (App. 256).

[7] The Property Owners responded to the City's motion for summary judgment and argued that, per the language of Section 59.06 of the Ordinance, only owners of those parcels "'which directly or indirectly contribute[d] to the storm water system of the City'" were required to pay the Stormwater Fee. (Property

Owners' Br. 8) (quoting App. 240). Because water on the Properties did not flow into the City's stormwater system, they argued that the Properties did not "contribute to" the system and, therefore, they should not have to pay a Stormwater Fee. (App. 240). The Property Owners did not, however, address the other Ordinance sections regarding the definition of "user" and the intent of the Ordinance to charge all property owners that benefitted from the stormwater system.

[8] The trial court held a hearing on the City's motion for summary judgment on April 21, 2015. It then granted the City's motion, agreeing with the City's arguments regarding the interpretation of the Ordinance and concluding that the Ordinance imposed the Stormwater Fee against all real property within the City's boundaries regardless of any specific property's contribution to the storm water system. The Property Owners now appeal.

## Decision

[9] On appeal, the Property Owners argue that the trial court erred in granting summary judgment in favor of the City on their claims that they are not subject to the Stormwater Fee provision of the Ordinance and that they may recover their past Stormwater Fee payments. They argue that the City did not prove that there were no genuine issues of material fact about whether they were subject to the Ordinance.

[10] When reviewing the grant of a summary judgment motion, we apply the same standard applicable to the trial court. *Wagner v. Yates*, 912 N.E.2d 805, 808

(Ind. 2009). Summary judgment is proper only when there is a genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.*

[11] Here, the Property Owners' claim was a request for declaratory judgment. The Indiana Declaratory Judgment Act provides that:

> Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

I.C. § 34-14-1-2.

[12] In support of their argument that the trial court erred when determining that they were subject to the Ordinance's Stormwater Fee provisions, the Property Owners note that Section 59.06 of the Ordinance provides that:

> A [Stormwater Fee] shall be imposed on each and every lot and parcel of land within the City which *directly or indirectly contributes* to the storm water system of the City, which charge shall be

assessed against the property owner thereof, who shall be
considered the user for the purposes of this chapter.

(App. 240) (emphasis added). They contend that the language "directly or indirectly contributes" authorizes the imposition of a Stormwater Fee for only those property owners whose parcels add stormwater to the City's stormwater system. (App. 240).

[13] In response, the City points to the definition of "user" and the language in the enabling statute and Ordinance indicating that the Ordinance applies to all property owners within the boundaries of the City regardless of their stormwater runoff. It argues that the Property Owners' selective reading of the four words of Section 59.06 of the Ordinance leads to an irrational and disharmonizing interpretation of the Ordinance as a whole.[1] We agree.

[14] Because the parties quote seemingly conflicting provisions of the Ordinance, we must interpret the language of the Ordinance to determine whether real estate property is subject to a Stormwater Fee even if it does not contribute stormwater runoff to the stormwater system. We have previously described our standard for interpreting ordinances as follows:

> Interpretation of an ordinance is subject to the same rules that
> govern the construction of a state statute. Words are to be given
> their plain, ordinary, and usual meaning, unless a contrary
> purpose is shown by the statute or ordinance itself. Where
> possible, every word must be given effect and meaning, and no

---

[1] Notably, the City does not challenge the results of the Property Owners' property surveys demonstrating that the stormwater runoff from the Properties does not drain into the City's stormwater system.

part is to be held meaningless if it can be reconciled with the rest of the statute. The goal in statutory construction is to determine and effect legislative intent. Courts must give deference to such intent whenever possible. Thus, courts must consider the goals of the statute, and the reasons and policy underlying the statute's enactment. If the legislative intent is clear from the language of the statute, the language prevails and will be given effect.

*Rollett Family Farms, LLC v. Area Plan Comm'n of Evansville-Vanderburgh Cty.*, 994 N.E.2d 734, 738 (Ind. Ct. App. 2013). In addition, we "'avoid interpretations that depend on selective reading of individual words that lead to irrational or disharmonizing results.'" *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016) (quoting *West v. Office of Ind. Sec'y of State*, 54 N.E.3d 349, 355 (Ind. 2016)).

[15] The Ordinance's enabling statute is INDIANA CODE § 8-1.5-5, *et seq* ("the Stormwater Act"), which allows a municipality to create a "special taxing district for the purpose of providing for the collection and disposal of storm water of the district . . . and for the purpose of levying special benefit taxes for purposes of storm water collection and disposal."[2] I.C. § 8-1.5-5-5. The Stormwater Act provides that the Board of a stormwater management district "may assess and collect user fees from *all of the property of the storm water district* for the operation and maintenance of the storm water system." I.C. § 8-1.5-5-7 (emphasis added). In other words, this provision of the enabling statute

---

[2] Section 59.01 of the Ordinance concerning the adoption of state law provides that the Ordinance adopts "the provisions of [INDIANA CODE] § 8-1.5-5-1, [*et seq*], including any amendments or substitutions therein." (App. 235).

authorizes city ordinances to assess a fee against *all* real estate parcels in the city, without distinctions or exceptions. Other language in the Stormwater Act is similarly broad and inclusive. Specifically, INDIANA CODE § 8-1.5-5-5 provides that "*[a]ll territory in the district and all territory added to the district* is considered to have received a special benefit from the storm water collection and disposal facilities of the district." (Emphasis added).

[16] Like its enabling statute, the Ordinance includes language encompassing all property owners within the City's boundaries. Through this language, the Ordinance clarifies that the Stormwater Fee is meant for all property owners that benefit from the stormwater system and that all property owners benefit from the system. Specifically, the Ordinance defines "Stormwater Service Charge" as "[a] charge imposed on users of the stormwater system." (App. 240). Then, the Ordinance specifies that "Customer (or User): Shall mean a property owner benefiting from the stormwater system."[3] (App. 237). These definitions, in combination with the Stormwater Act's language that *"[a]ll territory in the district and all territory added to the district* is considered to have

---

[3] The Property Owners argue that "the Ordinance overwrote the definition of 'user' and instead imposed a more restrictive definition" when it provided that the Stormwater Fee "shall be imposed on each and every lot and parcel of land within the City which directly or indirectly contributes to the stormwater system of the City, which charge shall be assessed against the property owner thereof, who shall be considered the user for the purposes of this chapter." (Property Owners' Br. 16; App. 213). The Property Owners claim that this "definition" is more restrictive and, therefore, prevails over the definition in Section 59.05, the "Definition" section of the statute. However, the case that the Property Owners cite in favor of this argument concerns two conflicting statutes, not two provisions within one statute. We instead find that the Ordinance's definition of a "user" as "a property owner benefiting from the stormwater system" governs as it is in the Ordinance's "Definition" section. That section provides that "[f]or the purposes of this chapter, the following definitions shall apply unless the context clearly indicates or requires a different meaning." (App. 209). The context here does not require a different meaning.

received a special benefit from the storm water collection and disposal facilities of the district," imply that all people who benefit from the stormwater system must be charged a Stormwater Fee and that all property owners benefit from the stormwater system. I.C. § 8-1.5-5-5. These provisions do not distinguish properties based on the amount of stormwater they add to the system. Notably, the City also designated an affidavit from the District Engineer of the Richmond Sanitary District in which the District Engineer averred that: "In my professional opinion, the City of Richmond and its systems benefit[] all parcels within the City, specifically including the parcels owned by the Plaintiffs in this cause of action." (App. 256).

[17] In addition, it is clear that, even under the Property Owners' interpretation of the phrase "contribute to," a property owner may "contribute to" the sewer system even if stormwater runoff from his or her property does not drain into the system. Specifically, the Ordinance's definition of "stormwater system" in Section 59.05 also includes City infrastructure relating to sanitary sewer management. (App. 240). Specifically, it includes "combined sewers," which are defined as "[p]ipe[s] or conduit[s] primarily used to convey sanitary sewage and secondarily intended to convey stormwater." (App. 237, 240). Accordingly, it appears that the system benefits everyone who utilizes any sanitary sewer infrastructure, in addition to stormwater management infrastructure. By extension, under the "indirectly or directly contributes" language of Section 59.06 of the Ordinance, we interpret that a property owner could also "indirectly or directly contribute[]" to the stormwater system if his or

her sanitary sewage contributed to the stormwater system. (App. 240). Thus, Section 50.06 does not implicate just stormwater runoff, as the Property Owners suggest. There is no evidence in the record regarding the Property Owners' use of the sanitary sewer system, so that issue is not dispositive. Nevertheless, the Ordinance's inclusion of sanitary sewage usage as a basis for its Stormwater Fee supports the interpretation that the Stormwater Fee was not intended to be based solely on whether a property's stormwater runoff drains into the system.

[18] In light of the Ordinance's language indicating that the Stormwater Fee was intended to apply to all property owners in the City because all property owners benefit from the stormwater system, we agree with the City that selectively interpreting "directly or indirectly contributes to" to exclude properties such as the Properties would create a disharmonious result with the remainder of the Ordinance and its enabling statute. Accordingly, we conclude that all property within a stormwater district "contributes to" that district even if its stormwater does not drain into the stormwater district's sewer system. Therefore, the Ordinance's Stormwater Fee provision did apply to the Property Owners, and the trial court did not err when it granted summary judgment in favor of the City. *See ESPN, Inc.*, 62 N.E.3d at 1195 (quoting *West*, 54 N.E.3d at 355) (explaining that we "'avoid interpretations that depend on selective reading of individual words that lead to irrational or disharmonizing results'").

Affirmed.

Bradford, J., and Altice, J., concur.