## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 30 2017, 6:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Brian M. Pierce
Muncie, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Randy Brotherton and Vickie Brotherton, <br> *Appellants-Defendants,* <br><br> v. <br><br> Town of Bryant, <br> *Appellee-Plaintiff* | August 30, 2017 <br><br> Court of Appeals Case No. 38A05-1702-SC-328 <br><br> Appeal from the Jay County Superior Court <br><br> The Honorable Max C. Ludy, Jr., Judge <br><br> Trial Court Cause No. 38D01-1606-SC-154 |

**May, Judge.**

[1]   Randy and Vickie Brotherton ("the Brothertons") appeal the small claims court's entry of judgment against them in a small claims action by the Town of Bryant ("the Town") to collect outstanding balances the Brothertons owed for sewer service. We affirm.

# Facts and Procedural History

The Town built and runs its own sewer system. The policies and procedures controlling the use and cost of the system are outlined in a number of Town Ordinances. For example, Ordinance 1992-3, Section 8 indicates that users may contest sewer billing by "appeal[ing] a decision of the administrator of the sewage system and user charge system to Town Council and that any decision concerning the sewage system or user charges of the Town Council may be appealed to the circuit court of the county . . . ." (Exhibit Vol. 3 at 18.)[1] Another Ordinance, Ordinance No. 2005-4, indicates that if users maintain an outstanding balance on their accounts for sixty days, the Town will notify them by certified letter, and if the account is not paid within thirty days, the Town will sue them in small claims court. (*Id*. at 39.)

The Brothertons own several pieces of property in the Town. The Town sent the Brothertons sewage bills for their various properties. The Brothertons apparently paid part, but not all, of the sewer bills. Because the Brothertons had a balance on their account that violated Ordinance No. 2005-4, the Town notified the Brothertons and then filed a small claims case against the Brothertons to collect the balance.

---

[1] The trial court clerk's failure to number the pages of the Exhibit volume greatly hindered our review of the record. We cite the page numbers as they appear consecutively in the PDF format of the Electronic Record. *See* Ind. Appellate Rule 29(A) (requiring the Exhibits be filed in accordance with Appendix A(2)(a), which provides: "Each volume of the Transcript shall be independently and consecutively numbered at the bottom. Each volume shall begin with numeral one on its front page.").

[4] At trial, the Brothertons' only defense to the Town's claim was that the bills exceeded what they should have been charged pursuant to the local ordinances. The trial court found the Brothertons failed to "follow the appropriate administrative remedies and appeals provided for in the Ordinances." (App. Vol. 2 at 6.) The trial court entered judgment against the Brothertons in the sum of $3,095.97, plus attorney fees and costs.

## Discussion and Decision

[5] Small claims judgments are "subject to review as prescribed by relevant Indiana rules and statutes." *Hastetter v. Fetter Properties, LLC,* 873 N.E.2d 679, 682 (Ind. Ct. App. 2007) (quoting Ind. Small Claims Rule 11(A)). We consider evidence in the light most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Id.* at 682. We will reverse only if the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *Id.* at 682-83. Applying a deferential "clearly erroneous" standard of review is particularly important in small claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting. *Trinity Homes, LLC v. Fang,* 848 N.E.2d 1065, 1068 (Ind. 2006).

[6] We note the Town did not submit an appellee's brief. In such situations, we do not undertake the burden of developing the appellee's argument. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error.

*Fisher v. Bd. of Sch. Trs.*, 514 N.E.2d 626, 628 (Ind. Ct. App. 1986). *Prima facie* error, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Johnson Cty. Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind. Ct. App. 1985). Where an appellant is unable to meet that burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind. Ct. App. 1986), *reh'g denied, trans. denied*. The appellee's failure to submit a brief does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Vandenburgh v. Vandenburgh*, 916 N.E.2d 723, 725 (Ind. Ct. App. 2009).

[7] The Brothertons allege the small claims court erred as a matter of law when it *sua sponte* applied the affirmative defense of failure to exhaust administrative remedies against them in the Town's small claims action. The Brothertons' defense at trial was that their bills were incorrect because the Town's Clerk Treasurer was not billing in accordance with an ordinance[2] allegedly called "one (1) tap, one (1) fee." (*See, e.g.*, Tr. at 19.) However, to challenge the amount they were billed, the Brothertons needed to follow the dispute procedures outlined in the Sewer Rate Ordinance 1992-3, Section 8, so that the Town Council would have an opportunity to correct the billing and then, if the Brothertons were unhappy with the result, they could appeal from the Town Council's decision. Instead, the Brothertons simply did not pay the bill.

---

[2] This ordinance was not produced at trial or on appeal; however, all parties seem to agree it exists. (*See, generally*, Tr. at 19.)

[8] The small claims court stated the Brothertons "must follow the appropriate remedies and appeals provided for in the Ordinances." (App. Vol. 2 at 6.) Contrary to the Brothertons' allegation, the small claims court did not assert the affirmative defense of failure to exhaust remedies against them. What the court asserted was the doctrine that parties cannot sit on their rights and later claim prejudice. *See Assocs. Fin. Servs. Co. of Ind. v. Boldman*, 495 N.E.2d 203, 206 (Ind. Ct. App. 1986) (debtor may not "sit back and do nothing" to protect his rights and wait for the creditor to take action before deciding what to do), *reh'g denied, trans. denied, superseded by statute as stated in In re Greer, Bankr. S.D. Ind., March 13, 1990.* If the Brothertons wished to challenge the amount of their sewer bills, their opportunity for making such a challenge was by complaint to the Town Council, before the account became sixty-days delinquent and the Town proceeded to small claims court for collection pursuant to Ordinance No. 2005-4. *See id.* (a debtor may not claim lien was removed through bankruptcy if debtor failed in the bankruptcy proceeding to take the steps delineated for removing the lien).

[9] Because the Brothertons did not challenge the amount of individual sewer bills in the appropriate proceeding, the small claims court did not err in entering judgment against the Brothertons for the amount requested by the Town. Accordingly, we affirm.

[10] Affirmed.

Barnes, J., and Bradford, J., concur.